11-4921-cr
United States v. Marimon

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of December, two thousand twelve.

PRESENT: DENNY CHIN,
         CHRISTOPHER F. DRONEY,
              Circuit Judges,
         JOHN GLEESON,
              District Judge.*

- - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
              Appellee,

                    -v.-                         11-4921-cr

ERNESTINA MARIMON,
              Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                Daniel C. Richenthal, Iris Lan, Assistant United States Attorneys, for Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT:     Darrell B. Fields, Federal Defenders of New York, Inc., Appeals Bureau, New York, New York.

---

\* The Honorable John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (Cote, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Ernestina Marimon was convicted, following a plea of guilty, of four counts of theft of government benefits, in violation of 18 U.S.C. § 641, and one count of making a false statement, in violation of 18 U.S.C. § 1001. During her plea allocution, Marimon admitted that she had simultaneously rented four federally subsidized apartments in Manhattan, and that she had made false statements at a hearing before the New York City Housing Authority. The district court (Cote, <u>J.</u>) sentenced her to five concurrent terms of 18 months' imprisonment and three years' supervised release, and ordered her to pay $182,597.12 in restitution, $182,597.12 in forfeiture, and $500 in special assessments. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

On appeal, Marimon challenges the forfeiture order entered against her.[1] She argues that forfeiture was not authorized as a matter of law because the federal funds at issue were paid directly from the government to her landlord and she did not personally receive any federal money or property.

---

[1] Marimon's plea agreement contained a general waiver of her appellate rights, with the following limited exception: "[T]he defendant may appeal the imposition of forfeiture as a matter of law (but not the amount, if the amount is less than or equal to $182,597.12), in order to preserve her rights in light of the Second Circuit's pending decision in <u>United States v. Torres</u>, No. 11-1009."

Marimon does not challenge the restitution order or the amount of the forfeiture order.

We review de novo a district court's construction of a statute. United States v. Mazza-Alaluf, 621 F.3d 205, 209 (2d Cir. 2010). The forfeiture statute applicable to theft of government benefits provides for the forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to [the] violation." 18 U.S.C. § 981(a)(1)(C); see also 18 U.S.C. § 1956(c)(7)(D); 28 U.S.C. § 2461(c). The statute defines "proceeds" as "property of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, and any property traceable thereto, and is not limited to the net gain or profit realized from the offense." 18 U.S.C. § 981(a)(2)(A).

In United States v. Torres, No. 11-1009-cr, 2012 U.S. App. LEXIS 24970 (2d Cir. Dec. 5, 2012) -- a case which the parties agree involved the same issue presented here -- we held that money the defendant saved by having the government pay rent directly to her landlord "constituted property that was obtained . . . indirectly as a result of her [violation of 18 U.S.C. § 641], and may also be fairly characterized as proceeds traceable to or net gain realized from her offense." Id. at *3 (internal quotation marks omitted).

Here, Marimon similarly had $182,597.12 in funds "available for her use only because she . . . failed to pay the amount she otherwise would have owed for rent." Id. at *21. Thus, Marimon "obtained" those funds "indirectly" as a result of

- 3 -

her theft of government housing subsidies, and the sum is "traceable" to that theft.  Accordingly, we conclude that the order of forfeiture was properly imposed.

We have considered Marimon's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK